ARROWOOD, Judge, dissenting.
*148 I agree with the majority that the sweep of the defendant's apartment was lawful. However, I disagree that the warrantless seizure of the shotgun in plain view was unlawful. For that reason, I respectfully dissent.
As the majority points out,
[u]nder the plain view doctrine, a warrantless seizure is lawful if (1) the officer views the evidence from a place where he has legal right to be, (2) it is immediately apparent that the items observed constitute evidence of a crime, are contraband, or are subject to seizure based upon probable cause, and (3) the officer has a lawful right of access to the evidence itself.
State v. Alexander, 233 N.C.App. 50, 55, 755 S.E.2d 82, 87 (2014). The majority opinion establishes that the first and third prongs of the test are satisfied. Therefore, the sole issue to be determined is whether the second prong of the test is satisfied.
The majority concludes that the incriminating nature of the shotgun was not immediately apparent because (1) the State's evidence failed to establish that Officer Joyce knew defendant was a convicted felon at the time he seized the shotgun; and (2) Officer Joyce did not know the shotgun was stolen until a further search of the shotgun. While the majority's analysis is not incorrect, I conclude that regardless of whether Officer Joyce knew that defendant was a felon or knew that the shotgun was stolen, it was immediately apparent that the shotgun was contraband.
Contraband includes "[g]oods that are unlawful to ... possess." Black's Law Dictionary 317 (7th ed. 1999). On 4 April 2012, defendant was placed on supervised probation under the regular terms and conditions of probation. Pursuant to the provisions of N.C. Gen. Stat. § 15A-1343(b)(5) (2015), "[a]s a regular condition[ ] of probation, a defendant must ... [p]ossess no firearm...." Thus, under the regular terms and conditions of probation, the shotgun was contraband.
Given that the officers were serving a warrant for a probation violation, it was immediately apparent that the shotgun was contraband. Therefore, I would uphold the warrantless seizure of the shotgun under the plain view doctrine and affirm the trial court's order.